IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Miguel Zapata, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:20-cv-2196 |
| Resurgence Legal Group, P.C., an Illinois corporation and Unifund CCR, LLC, an Ohio limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Miguel Zapata, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' collection actions violated the FDCPA, and to recover damages for those violations and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred from here; b) Plaintiff resides here; and, b) Defendants reside and transact business here.

## **PARTIES**

3. Plaintiff, Miguel Zapata ("Zapata"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly owed for a US Bank credit card.

4. Defendant, Resurgence Legal Group, P.C. ("Resurgence"), is an Illinois professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgence operates a defaulted debt collection business in Illinois, Wisconsin, Minnesota, and California, and attempts to collect debts from consumers in those states. In fact, Defendant Resurgence was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Unifund CCR, LLC ("Unifund"), is an Ohio limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Unifund operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Unifund is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant Unifund's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Resurgence and Unifund are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8. On December 19, 2008, Unifund CCR, represented by Resurgence, filed a complaint against a Miguel Zapata, a/k/a/ Miguel Bravo Zapata, a/k/a Miguel A. Zapata, regarding a consumer credit card debt he owed originally to US Bank, in a matter styled: <u>Unifund CCR v. Miguel A. Zapata a/k/a A. Miguel Zapata a/k/a Miguel A. Bravo a/k/a Miguel A. Bravo Zapata</u>, 08 M1 199718 ("State Court Lawsuit"). A copy of which is attached as Exhibit <u>B</u> (without exhibits); the State Court Docket, showing the date the lawsuit was filed, is attached as Exhibit <u>C</u>.

9. On January 27, 2009, Defendants served Plaintiff, Miguel Zapata (hereinafter "Mr. Zapata of Chicago"), via substitute service on his mother, at his residential address in Chicago on South Kolin Avenue. A copy of this substitute service is attached as Exhibit <u>D</u>.

10. Mr. Zapata of Chicago has impaired vision, has never had any credit card debts, let alone a debt owed to US Bank. Therefore, when he was served, he immediately sought help from the legal aid attorneys at Lighthouse, an organization in Chicago which assists those with vision-related disabilities, regarding the State Court Lawsuit. With the assistance of Lighthouse, Mr. Zapata of Chicago learned that his social security number did not match the social security number on file with Resurgence and Unifund for the Miguel Zapata that has been sued in the State Court Complaint.

11. On February 23, 2009, with the assistance of the legal aid attorneys at Lighthouse, Mr. Zapata of Chicago successfully quashed the substitute service and an alias summons was issued for another address. A copy of this Order is attached as


Exhibit E.

12. On August 20, 2011, Defendants, Resurgence and Unifund, allegedly obtained personal service on another Miguel Zapata, in Steger, Illinois ("Mr. Zapata of Steger"). A copy of this proof of service is attached as Exhibit F.

13. Thereafter, Defendant Resurgence obtained a default judgment against Mr. Zapata of Steger on September 26, 2011, see, Exhibit C.[1]

14. More than ten years after Mr. Zapata of Chicago had quashed Resurgence's and Unifund's service as to him, on November 20, 2019, Defendants filed a Petition to Revive Judgment for the 2011 judgment they had obtained against Mr. Zapata of Steger. A copy of the Petition to Revive is attached as Exhibit G.

15. On November 29, 2019, Defendants served the Notice of Filing on Mr. Zapata of Chicago, at his South Kolin residence, at 6:46 AM, when a process servicer knocked on his bedroom window, which woke him up and terrified him, see, Exhibit H, filed proof of service.

16. Mr. Zapata of Chicago was further distressed when he read the paperwork associated with the petition for revival – with some trouble, due to his vision impairment – and realized the service of process was regarding the same summons he had been wrongly served with over ten years prior, at the same address. Mr. Zapata of Chicago thought that he had cleared up years ago, and feared that this matter had not actually been straightened out at all and that Defendants were determined to collect from him a debt him that he did not owe.

---

1. No copy of the Judgment against Mr. Zapata of Steger was available in the file for the State Court Lawsuit, nor has any copy of any judgment (against himself, or Mr. Zapata of Steger) ever been served on Mr. Zapata of Chicago.

17. After spending over a month obtaining the archived court file for the State Court Lawsuit involving the Mr. Zapata of Steger, with some assistance from the help desk at the Cook County Courthouse, Mr. Zapata of Chicago was able to determine that the service had indeed been quashed as to him, and a judgment had been entered against Mr. Zapata of Steger, see, Exhibit C, G. Mr. Zapata of Chicago has no relationship with, nor any knowledge of Mr. Zapata of Steger.

18. Accordingly, Mr. Zapata of Chicago was forced to hire an attorney to represent him as to the collection actions of Defendants Resurgence and Unifund in the State Court Lawsuit.

19. On February 13, 2020, Resurgence and Unifund filed a motion for revival of the judgment it had obtained against Mr. Zapata of Steger in 2011, but wrongly served this motion on Plaintiff, Mr. Zapata of Chicago, at the South Kolin address, rather than the Mr. Zapata of Steger. This motion was set for hearing on March 16, 2020. A copy of this motion is attached as Exhibit I.

20. On March 4, 2020, Mr. Zapata of Chicago's counsel, Angie K. Robertson, sent a letter, via facsimile to Defendants Resurgence[2] and Unifund advising them that Mr. Zapata was represented by counsel and demanded that Defendants cease their post-judgment collection actions against Mr. Zapata of Chicago, as the service of process as to him had been quashed. A copy of this letter and fax confirmation are attached as Exhibit J.

---

[2] The fax number for Resurgence used by Plaintiff's counsel was found in the latest Sullivan's Law Directory, published by Law Bulletin Media. Moreover, the same fax number appears on Resurgent's webpage under "contact us", see, https://resurgencelegal.com/contact/

5

21. Nonetheless, on March 19, 2020, Defendants sent a letter directly to Mr. Zapata of Chicago, at his South Kolin address, advising him that they had obtained an order reviving the judgment that they had obtained against him, plus interest and costs, in an amount totaling $6,643.53. A copy of this letter and order are attached as Group Exhibit J.

22. Plaintiff was greatly alarmed and confused that the Defendants were continuing to directly communicate with him despite the fact that he was represented by counsel. Mr. Zapata of Chicago was concerned that his personal information would now become associated with this judgment, despite the efforts that he had taken over a decade ago to have service quashed, and despite the efforts that his counsel had recently taken. Mr. Zapata of Chicago was also concerned that he could now be subject to garnishment of his assets if the judgment was not paid.

23. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

24. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation of §1692c(a)(2) of the FDCPA – Communication With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-24.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

6

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew that Plaintiff was represented by counsel in connection with this alleged debt because his attorney, Angie Robertson, had given notice, in writing, that Plaintiff Mr. Zapata of Chicago was represented by counsel (Exhibit J), and did not owe the debt at issue. By directly sending Plaintiff a letter and an order concerning the revival of judgment (Exhibit K), despite being advised that Mr. Zapata of Chicago was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

29. Plaintiff adopts and realleges ¶¶ 1-24.

30. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

31. Defendants, knew that Mr. Zapata of Chicago did not owe the US Bank debt that they were attempting to collect because: 1) the order quashing service on Plaintiff Zapata of Chicago at his South Kolin address was readily available in the case file, see Exhibit E, and 2) the proof of service showing the address of Mr. Zapata of Steger – the actual defendant in Defendants' State Court Lawsuit, against whom

Defendants had obtained a judgment in 2009 – was also readily available in the file, see, Exhibit F.

32. By serving Mr. Zapata of Chicago with a Petition to Revive Judgment (Exhibits G, H), and the motion for revival of judgment (Exhibit I), when Defendants knew they were serving the wrong person, Defendants used false, deceptive or misleading representations in connection with the collection of a debt that Mr. Zapata did not owe, in violation § 1692e of the FDCPA,

33. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692d Of The FDCPA --
### Abusive And Harassing Collection Actions

34. Plaintiff adopts and realleges ¶¶ 1-24.

35. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see, 15 U.S.C. § 1692d.

36. Defendants, by: 1) serving Mr. Zapata of Chicago with a Petition to Revive Judgment, and a motion for revival of judgment; 2) wrongly obtaining an order reviving a judgment against him; and 3) communicating with him directly when they knew he was represented by counsel, despite the facts in the court file (Exhibits E, F) and the communication sent by his attorney on March 4, 2020 (Exhibit J), which clearly showed that service against the r. Zapata residing on South Kolin had been quashed, engaged in conduct, the natural consequence of which was to harass, oppress, or abuse him, in violation of § 1692d of the FDCPA.

37. Defendants' violations of § 1692d of the FDCPA render them liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

38. Plaintiff adopts and realleges ¶¶ 1-24.

39. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

40. Defendants, by: 1) serving Mr. Zapata of Chicago with a Petition to Revive Judgment, and a motion for revival of judgment; 2) wrongly obtaining an order reviving a judgment against him; and 3) communicating with him directly when they knew he was represented by counsel, despite the facts in the court file (Exhibits E, F) and the communication sent by his attorney on March 4, 2020 (Exhibit J), which clearly showed that service against the Mr. Zapata residing on South Kolin had been quashed, used unfair and unconscionable means to collect the debt, in violation of § 1692f of the FDCPA.

41. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Miguel Zapata, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Zapata and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Miguel Zapata, demands trial by jury.

                Miguel Zapata,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: April 8, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com